■ PHOEBE JOHNSON et al., Appellants, v EDWARD L. FORD, Respondent. [823 NYS2d 67]—

Appeal from order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about December 23, 2004, which denied plaintiffs' motion to reargue (denominated a motion to restore the action to the trial calendar), dismissed, without costs, as taken from a nonappealable paper.

Plaintiffs previously moved to restore the action to the trial calendar pursuant to CPLR 5015 (a) (1). The motion court denied that motion, commenting that since the case had been dismissed due to plaintiffs' failure to appear at numerous pretrial conferences, plaintiffs' proper remedy was a motion to restore pursuant to CPLR 3404, and that there was a presumption of abandonment that plaintiffs failed to rebut. Instead of appealing that order, plaintiffs brought a second motion to restore the action to the trial calendar, this time pursuant to CPLR 3404. Since plaintiffs did not submit any new or additional facts, the motion court correctly determined that this second motion was really a motion to reargue (*see Fontanez v*

*St. Barnabas Hosp.*, 24 AD3d 218 [2005]), and denied it as such. The denial of a motion to reargue is not appealable (*see id.*). Concur—Friedman, Nardelli and Gonzalez, JJ.

Mazzarelli, J.P., and Catterson, J., dissent in a memorandum by Catterson, J., as follows: Although I agree with the majority that plaintiff should not prevail, I write separately concerning the decision of the motion court on the plaintiff's CPLR 3404 motion to restore.

On or about September 21, 1999, plaintiffs filed a note of issue in the instant legal malpractice action. Defendant moved for summary judgment dismissing the action, and plaintiffs cross-moved for summary judgment on liability. In an order entered August 7, 2000, the court (Joseph Giamboi, J.) denied both motions, finding a question of fact as to defendant's liability to plaintiffs.

In the interim, the case was scheduled for pretrial conferences on October 14 and November 9, 1999, February 1 and 23, 2000, and on May 3, June 7, and September 6, 2000. However, plaintiffs failed to appear. The New York Law Journal published notification of the May 3, June 7, and September 6, 2000 conferences.

On September 6, 2000 the underlying case was dismissed as a result of plaintiffs' repeated failure to appear at court conferences. However, plaintiffs' counsel failed to note the dismissal.

On July 16, 2001, plaintiffs' counsel submitted a letter to the clerk of the court, asking for his assistance in having the case placed on the pretrial calendar. Plaintiffs' counsel also requested a preference because plaintiff was over 70 years old.

In December 2003, plaintiffs' counsel finally learned that the case had been marked off the calendar; he contends that he was not informed of the basis for dismissal.

On March 9, 2004, plaintiffs moved to restore this action to the trial calendar pursuant to CPLR 5015 (a) (1). They maintained that they were unaware of any court order dismissing the action. Plaintiffs stated that they fully intended to prosecute the action, noting that they had written to the clerk of the court on or about July 16, 2001.

On June 16, 2004, the court (Sallie Manzanet, J.) denied plaintiffs' motion to restore the action to the calendar.

The court stated: "Plaintiffs have improperly moved this Court pursuant to C.P.L.R. § 5015 (a)(1). The dismissal of the instant action did not result from an order or judgment but instead from plaintiffs' failure to appear at numerous scheduled Pre-Trial Conferences. It is C.P.L.R. 3404 that applies to the res-

toration of post-note of issue cases that have been 'marked off' for failure to appear at Court conferences."

The court correctly noted that under the CPLR, namely, section 3404, "a case dismissed as abandoned may be restored to the calendar where the plaintiff establishes a meritorious case, a reasonable excuse for the delay in seeking to restore the matter to the calendar, the absence of intent to abandon prosecution and a lack of prejudice to the defendant." The court found that defendant failed to show prejudice but that plaintiffs failed to show lack of intent to abandon the action. The court held that, "[i]n an untimely motion to restore an action to the calendar, there is a presumption of abandonment that must be rebutted by the movant. . . . Plaintiffs papers in support of the motion fail to identify any legal work that was performed in this action during the four years that the action has been 'marked-off.' "

Plaintiffs did not appeal from the June 16, 2004 order. Instead, they moved to restore the action to the trial calendar pursuant to CPLR 3404. They submitted no new factual materials but instead relied on the same documents that they had submitted in their first motion.

In opposition, defendant contended that plaintiffs were simply moving to reargue. The court agreed, finding that the motion, although denominated as a motion to restore, was really a motion to reargue. The court then adhered to its original decision and denied the motion. This, I believe, was error.

In its June 16 order denying the original CPLR 5015 motion, the court below essentially invited the plaintiffs to move under the correct section of the CPLR, namely, section 3404. Although a court has the inherent power to ascertain the true nature of a motion in spite of the basis articulated by the movant, I find no authority for a court to use this power as a sword to smite what it considers to be improvidently made motions. The simple fact is that plaintiffs' CPLR 3404 motion was properly made and should not have been converted into a motion to reargue the denial of a motion originally made under the wrong section of the CPLR.

Ultimately, the result is the same. The CPLR 3404 motion was made four years after the case was marked off and 16 years after the complaint of malpractice. Accordingly, I find no reason to disturb the result.